Good morning, Your Honors. Thomas Roach appearing on behalf of Mr. Arthur Rawlings, the appellant in this case. Your Honor, this case is significantly different than most Social Security cases in that Mr. Rawlings went to his administrative hearing and proved that he could no longer do his past relevant work. And according to the Social Security regulations, he was entitled to a finding of disability based on that. But the case is all about what his past relevant work was, correct? That's correct, Your Honor, and it all turns on one job that lasted about seven weeks. Step four, do you look at the past relevant job or do you look at the past relevant work? It's past relevant work, Your Honor. To qualify as past relevant work, a job has to last long enough, he must earn enough money, he must have worked at that job long enough to have learned the job. So part of his job here as a security guard was to watch the television security monitors? That's correct, Your Honor. So why doesn't that count as past relevant work? Because the work was security guard. The task involved in that job, that past relevant work as security guard, included watching a television monitor. What was the evidence in the record that he was only hired as a security guard? The evidence in the record is that he was hired by a private company to watch a commercial business. According to the Dictionary of Occupational Titles... Before you get to the DOT, what is the evidence in the record that shows that he was hired as a security guard? His testimony, he testified to it. His testimony. Is there anything else? The ALJ submitted a subpoena to the employer, and the employer's response included the job title of security officer. Now where is that? That was not in my excerpts of record. No, Your Honor, unfortunately it's not in the excerpts of record. I could find it in the transcript if you were interested, but unfortunately I didn't include it in the excerpts. It was made part of the record? Correct. And so he was hired, his title was security... Officer. Officer. Yes. Now what we have here is a distinction between the plaintiff, or the appellant's position, which is his past relevant work included security guard. He worked for three separate companies, but the only one at issue is the seven weeks that he worked for American Protective Services. He worked at Qualcomm corporate headquarters for their subcontractor, American Protective Services. Now, it's our position that that is a security guard, and that it meets the definition of security guard under the Dictionary of Occupational Titles. It's Social Security's position that that job was a surveillance system monitor. And I thought their position was that the nature of his work was that he did both surveillance monitoring and kind of security patrol work. Correct. But they say... So they say, well, he was performing two, quote, unquote, occupations. No, Your Honor, I think their position... Is that what they say? No, is that what they say? Is that there were two other security guard jobs, one for Gabriel Security and one for S.H.I.E.L.D. Security, and they classified that past relevant work as security guard. And their position was that the job for American Protective Services was surveillance system monitor that also included duties of walking rounds, checking doors, clocking in. So it was their position that his job at American Protective Services was surveillance system monitor with extra duties, as opposed to... But he was hired, according to you, the subpoenaed records say that he was hired as a security... Officer. Officer. Was he able to perform any of those other duties, like checking, rattling doorknobs and checking... Before he became disabled, yes, Your Honor. But after... During the seven weeks that you're talking about... Yes. Was he able to do those other things? Yes, he was. He testified that he did... There were two people that worked the shift that he was on. Correct. And they would split... One would walk around and check the doors and whatever they had to check, while the other one would watch the monitor. Is that correct? That's correct. Let me ask you a question about the DOT. Certainly. Are the jobs that are categorized within the DOT, how much weight does the agency give to them? Social Security considers that conclusive, Your Honor. It's adopted the DOT as their standard. So the DOT here that's referenced by the vocational expert monitor, whatever it's called... Surveillance system monitor. They describe it as more like of a government kind of position. It's exactly a government position, Your Honor. The surveillance system monitor, according to the DOT, is a government employee in a public transportation terminal. So the agency can't look to that sort of as general guidance as to the nature of one's past relevant work? Well, it's... What if there's not an exact fit as here? Does the DOT have any application? Excuse me, Your Honor. If there's not an exact fit, then you're going to have to use the vocational expert, Your Honor, to testify as to, in their experience, what that job is and the closest DOT job to it. Isn't that what happened here? No, Your Honor. They clearly identified surveillance system monitor as the job at American Protective Services. As described in the DOT? That's the defendant's position in their brief, yes, Your Honor. There was a vocational expert? There was a vocational expert, yes, Your Honor. But she was never asked whether or not the job at American Protective Services matched the description for security system monitor in the DOT. As a matter of fact, the ALJ is the one that started the whole security system monitor idea rolling, and he was the one that put... Well, he just asked him what he did on the job. He did. And he said, well, I watch TV. Correct. And then the judge kind of tried to ferret that out. Correct. But that was only a duty. That wasn't the job itself. The job itself was security guard that included watching monitors. So what are you asking us to do? I'm asking the court to find that he has no past relevant work as a security system monitor guard, that his past relevant work was security guard. We can't find anything. I guess you're asking us to conclude that there's not substantial evidence that supports that finding or that the ALJ didn't have any basis to make that finding. Correct, Your Honor. And if that is the case, then, Your Honor, he's disabled as a matter of law. That's because of his age and past experience? Correct. I'd like to reserve any remaining time for rebuttal. Your Honor, Jean Turk for the Commission of Social Security. Plaintiff carried the burden at step four to show that he could not perform his past relevant work. If he does not meet that step, then he is not disabled and the evaluation stops. There's no dispute that plaintiff worked as a security guard for Gabriel Security. Claimant, however, claims that his work with American Protection Services, I believe, was that of a security guard, but he presents no persuasive evidence. Well, how about this subpoenaed record that says he was hired and his job title was security officer? Your Honor, I want to point out that that is in the transcript at pages 116 and then I believe it's 134 to 137. A rose by any other name is still a rose. Well, how do we know exactly what a security officer did? Excellent question, Your Honor, because substantial evidence in the record supports what the claimant actually did.  In fact, in the record, he states that his job at Gabriel Security was different than his work at American Protective Services. When asked why, plaintiff commented that he sat in a booth watching television screens and made a couple of rounds. Well, I say to you, a couple of rounds is actually the most minimalist duties that a security guard would be required to do. How does watching TV monitors, how does that compare with the DOT category of systems surveillance monitor, whatever it's called? That's what it is. There's not an exact match. Does there have to be an exact match? I don't think there has to be an exact match. He just told us it was binding on the agency. The DOT, I think my colleague would agree, is a little out of date. For example, the idea that it is restricted to government positions, I mean, common sense would tell us, and this man's job actually is a good example, that surveillance system monitor jobs are found in many, many industries. Substantial evidence was found... Well, they can be pretty sophisticated surveillance system monitoring jobs. They can be, Your Honor. The guards out here watch the TV monitors in here. Yes, Your Honor. Then they walk around and they patrol the building. That's true. But substantial evidence is not only... So is that the same as being a surveillance system monitor at LAX? I'm not qualified to make that determination, Your Honor. If I looked at all of the facts, the overall facts, and I had plaintiff's testimony... So what facts tell us here that he was a systems surveillance monitor? The substantial evidence that supports the ALJ's decision is the plaintiff's testimony, the V.E. testimony... What did he testify to being a systems surveillance monitor? I'm sorry, Your Honor, I didn't get your point. What did he say about his job as a systems surveillance monitor? What did that do? What did that entail? That he sat in a booth watching television monitors. Well, the thing is, surveillance system monitor under the DOT, the person, it looks like, is totally passive in a sense. The person watches the monitors, and if it sees a problem, is then supposed to call other authorities to come and do something. Now this fellow, of course, is walking around checking doors, at least it looked like half and half. Walking around checking doors. What if he found a door open? What was his job? Or what if somebody was coming in through that door? Is his job to run for a telephone and call the authorities? That's all a surveillance system monitor does, and it looks like he had something more than that? He did not have more than that, Your Honor. If all we had was the plaintiff's testimony, that would be one thing. But we have the testimony of the vocational expert who is charged with looking at the industry and making a determination. Based on what plaintiff said his job was, this vocational expert determined that plaintiff's job should be better classified as a surveillance system monitor. Did she just classify it as one thing, or did she say it was two things? Good point, Your Honor. No, she never said that Clayman did both jobs at American Protective Services. The vocational expert found the job of surveillance system monitor as the job that he performed. She said he performed the job of security guard, but again, that was with Gabriel Protective Services. The rules and regulations also support this. There was a finding that plaintiff had the job within the last 15 years, had time enough to know it, and that it was substantial gainful activity. The regulations state, the rules state that plaintiff need not have performed the job required of that employer, but if the person performs that job as performed in the general economy, then it is past relevant work, and that is what the vocational expert found. She says, based on what I've seen, and I don't know what she's seen. I've seen the testimony. She says he could perform that job. He could perform work. I didn't say he did. He could perform work as a surveillance system monitor, as customarily performed, but not as actually performed. I take it she means he wasn't actually performing it. I don't understand what she's... Because he had the, I believe the ALJ's decision states, because he had the additional duties of making rounds, so it was not quite. The VE's testimony, though, is reliable in that this wasn't an occasional job that the individual did, as some cases refer to. This wasn't a disproportional work where maybe he worked 80 percent at one job and 10 percent at another. The RFC fits, the plaintiff's RFC fits the hypothetical question that was asked to the VE. The VE's testimony was reliable. That's what I'm not understanding. She said, she says what she said. The point is surveillance system monitor is essentially a quiescent person, sits in a booth, sees a problem, calls somebody somewhere to come and do something about it. Art security people sit there most of the time and watch those screens, and then they walk around. But if they see a problem, they don't get on the phone and call somebody to come and do something about it. Their job is to do something about it, or to take other steps. Where is it that indicates that his job was simply sitting in a booth, and then he calls somebody if there's a problem? I don't see that in this part of the record I've seen. Your Honor, based on the vocational expert's testimony, which was based on plaintiff's testimony and her knowledge. Instead of just saying based on. Tell me where he says, or somebody says, or the vocational expert says, all he had to do was sit in a booth and call somebody. You saw in their testimony. Your Honor, the same argument could be made of plaintiff's work as a security guard for American Protective Services. No, excuse me. Just tell me where that appears. You said the vocational expert's testimony, based on her testimony and based on what he testified to, I think you said all he had to do was sit there and then he'd make phone calls or have people come and do something. I think that's what you said. No, I don't believe that he did do that. He said he made a couple of rounds and checked locks and doors. Yes. The vocational expert said that in her, that she said it could be argued either way, and that in her opinion, this job was better classified as that of a surveillance system monitor. And the V.E. testimony, when it is based on evidence in the record, her expertise... See, that's what's drawing me. What's the evidence in the record? The evidence in the record is that he watched the screens and he walked around. Where does that get me to? Well, therefore, he would notify authorities by telephone was his job. If he saw a problem, his job was to call authorities to come and do something about it. Where does that appear anyway? That is the general characteristics of the job found in the Dictionary of Occupational Titles. The ALJ, the vocational expert then took the testimony of the plaintiff, and looking at the general characteristics, determined that a better classification for the job he performed with American Protective Services would be that of a surveillance system monitor. I say to you that the ALJ's decision was reasonable. It was supported by substantial evidence. Plaintiff has failed to provide persuasive evidence that his former job with APS was indeed a security guard job. There was no legal error. So what does the statement by the employer that he was hired as a security officer, what does that count for? Your Honor, there's no other detail. Does that count for anything? The rose issue, Your Honor. But I have to say that when the materials were given to the ALJ after subpoenaing them, plaintiff's counsel wrote back to the appeals counsel and said that this information has no additional information. It doesn't change anything. So if that's the feeling of plaintiff's counsel, there was no real evidence that you could take out of that. Again, I say to you that the social security... He testified that he was hired as a security guard. Right. And the title on the transcript page says security officer. So that in itself, what does that mean? He believed he was hired as a security guard. And part of his duties included watching the TV and then going out and checking the doors and whatnot. And I say an equal argument could be made that he was a surveillance system monitor based on the testimony of the vocational expert who was charged with developing realistic portrayals of modern-day jobs. That's why the dot itself is not conclusive, as my colleague says, but is some evidence. And taken with, compiled with the testimony of the vocational expert, I say it is substantial evidence. The ALJ's decision was reasonable under the facts. The Social Security Agency is one of the biggest adjudicative agencies in... You're over your time. Thank you. And I'm going to thank you, Judge, for figuring me out. Thank you. I believe you had about a little over a minute. Your Honor, the references to security officer in the transcript are at pages 134 and 135. Your Honor, there is no possibility that the job at American Protective Services was a surveillance system monitor. It was a job for a private company, it was a job in a commercial setting. Security system monitor is government employee in a public transportation terminal. They're just not the same. The judge merely latched on to watching the television, took that as the least exertional duty that he was doing for American Protective Services. Half of his time at American Protective Services, he was walking rounds, checking doors, clocking in. He may have only made a couple rounds, but it took him three hours to do it. This was at Qualcomm's headquarters in San Diego? Correct. That's correct. He's never worked for a government agency providing surveillance system monitoring. Sitting there, watching television, calling in problems. All of his work as a security guard has required that he be up and moving around. Granted, the one at Qualcomm for American Protective Services was the least exertional of it, but it still required those functions. You're down to ten seconds. Thank you. Okay. We appreciate your arguments on this case. Rollins v. Astrew is submitted. Our next case for argument is United States v. Carlos Jesus Marquette Villalba.
judges: Goodwin, Fernandez, Paez